# Nos. 13-1054 & 14-1266

## UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

E. I. DUPONT DE NEMOURS & COMPANY,

*Plaintiff – Appellee*,

v.

KOLON INDUSTRIES INCORPORATED,

*Defendant – Appellant*.

_____

On Appeal from the United States District Court
for the Eastern District of Virginia,
Case No. 3:09-cv-58-REP

_____

**APPELLANT KOLON INDUSTRIES INC.'S
CONSENT MOTION FOR AN EXTENSION OF TIME
TO FILE OPENING BRIEF**

_____

Pursuant to Rules 26(b) and 27 of the Federal Rules of Appellate Procedure and Fourth Circuit Local Rule 31(c), Appellant Kolon Industries, Inc. ("Kolon") respectfully moves for a two-week extension of time to file its opening brief, currently due to be filed on June 3, 2014. Kolon respectfully requests that the time to file its opening brief be extended to and including June 17, 2014. Appellee E.I. du Pont De Nemours and Company ("DuPont") consents to this motion.

## BACKGROUND

On November 22, 2011, the district court entered a money judgment against Kolon for damages in the amount of $920,250,000.00. The district court titled that judgment "Final Judgment on Count One." *E.I. du Pont de Nemours & Co. v. Kolon Industries, Inc.*, No. 3:09cv58-REP (Nov. 22, 2011) (D.I. 1698) ("*DuPont*"). On August 30, 2012, the district court granted DuPont's motion for permanent injunction. *Id.* at D.I. 2054. On August 31, 2012, Kolon appealed the district court's November 22, 2011 judgment, the district court's August 30, 2012 orders granting a permanent injunction, and all prior, merged interlocutory orders and judgments (Case No. 12-2070).[1]

On December 3, 2012, the district court entered an order taxing costs in the amount of $87,270.85 against Kolon and including these costs in the judgment. *DuPont*, No. 3:09cv58-REP (Dec. 3, 2012) (D.I. 2200). On December 13, 2012, the district court entered an order granting in part, denying in part, and taking under advisement in part DuPont's motion for attorneys' fees, sanctions, and costs. *Id.* at D.I. 2209. The district court granted DuPont an award of attorneys' fees pursuant to the Virginia Uniform Trade Secret Act, Va. Code Ann. § 59.1-338.1

---

[1] Kolon previously filed a protective notice of appeal from the November 22, 2011 judgment. (Case No. 12-1260.) Upon Kolon's unopposed motion, this Court held Kolon's appeal in abeyance pending a ruling by the district court on the motion for permanent injunction, entry of final judgment, and the filing of an appeal from that judgment. Case No. 12-1260, Docket Entry No. 25 (Mar. 29, 2012).

(2006). The district court, however, took DuPont's motion for attorneys' fees under advisement as to the precise amount of attorneys' fees to be awarded, and ordered further briefing on the issue. In Kolon's view, the district court's December 13, 2012 order was not a final and appealable judgment under 28 U.S.C. § 1291, because the order did not determine the precise amount of attorneys' fees. *See Thompson v. Northrop Grumman Shipbuilding Inc.*, 447 F. App'x 485, 486 (4th Cir. 2011) (unpublished) (citing *John v. Barron*, 897 F.2d 1387, 1390 (7th Cir. 1990)). Nevertheless, as a protective measure, Kolon filed on January 2, 2013 a notice of appeal both of the December 3, 2012 cost award and the December 13, 2012 order. *DuPont*, No. 3:09cv58-REP (Jan. 2, 2013) (D.I. 2219). That appeal was docketed in this Court as Case No. 13-1054.

On February 1, 2013, upon the parties' joint motion, this Court entered an order holding Kolon's appeal in Case No. 13-1054 in abeyance pending the district court's entry of a final and appealable order regarding DuPont's request for attorneys' fees. Case No. 13-1054, Docket Entry No. 19 (Feb. 1, 2013).

On February 25, 2014, the district court entered an order granting in part and denying in part DuPont's motion for attorneys' fees, sanctions, and costs. *DuPont*, No. 3:09cv58-REP (Feb. 25, 2014) (D.I. 2458). The district court awarded DuPont fees in the amount of $18,334,175.41, and entered a judgment in that amount in favor of DuPont. *Id.* On March 25, 2014, Kolon filed a notice of appeal from this

3

order and judgment and the prior orders on costs and attorneys' fees. *DuPont*, No. 3:09cv58-REP (Mar. 25, 2014) (D.I. 2459). This Court docketed that appeal as Case No. 14-1266.

On March 27, 2014, Kolon filed a consent motion, requesting that this Court consolidate the two appeals of the costs and attorneys' fees awards (Case Nos. 13-1054 and 14-1266) and suspend the briefing in these appeals until the Court renders judgment in Case No. 12-1260. Case No. 13-1054, Docket Entry No. 37 (Mar. 27, 2014). On April 1, 2014, this Court entered an order consolidating the appeals of the costs and attorneys' fees awards (Case Nos. 13-1054 and 14-1266). *See* Case No. 13-1054, Docket Entry No. 38 (Apr. 1, 2014).

On April 3, 2014, this Court issued an opinion and entered judgment in Kolon's appeal from the district court's final merits judgment in Case No. 12-1260. The Court vacated the district court's judgment and remanded the case to the district court for further proceedings. Case No. 12-1260, Docket Entry Nos. 124 & 125 (Apr. 3, 2014). On April 10, 2014, this Court denied Kolon's motion to suspend briefing in the costs and attorneys' fees appeals as moot, *see* Case No. 13-1054, Docket Entry No. 52 (Apr. 10, 2014), and on April 24, 2014, issued a briefing order for these consolidated appeals, *see* Case No. 13-1054, Docket Entry No. 53 (Apr. 24, 2014). Under the Court's briefing order, Kolon's opening brief and appendix are currently due on June 3, 2014.

4

On April 17, 2014, DuPont filed a petition for rehearing and petition for rehearing *en banc*, seeking reconsideration of this Court's vacatur of the district court's merits judgment in Case No. 12-1260. *See* Case No. 12-1260, Docket Entry127 (Apr. 17, 2014). Earlier today, on May 22, 2014, this Court entered an order denying DuPont's petition for rehearing and rehearing *en banc*. Case No. 12-1260, Docket Entry 135 (May 22, 2014).

## MOTION

Under this Court's briefing order issued on April 24, 2014, Kolon's opening brief and appendix are currently due on June 3, 2014. Kolon is timely filing this motion in advance of the current due date. Kolon seeks a 14-day extension on the filing of its opening brief. With the requested extension, Kolon's opening brief and appendix would be due on June 17, 2014. No previous extensions have been sought by or granted in this appeal.

Kolon respectfully submits that this request complies with this Court's standards prescribed by Rule 31(c). First, the requested extension would permit Kolon to incorporate adequately into its opening brief this Court's decision to deny rehearing in Kolon's appeal of the final merits judgment in Case No. 12-1260. Kolon expects to argue that, once this Court's decision in Kolon's merits appeal becomes final, given the denial of rehearing and the forthcoming issuance of the mandate on May 29, 2014, *see* Fed. R. App. P. 41(b), the costs and attorneys' fees

5

awards should be vacated because DuPont is no longer a prevailing party. *See* Va. Code Ann. § 59.1-338.1 ("If the court determines that … willful and malicious misappropriation exists, the court may award reasonable attorneys' fees to *the prevailing party*.") (emphasis added); *AGS Capital Corp., Inc. v. Product Action Int'l., LLC,* 884 N.E.2d 294, 316 (Ind. Ct. App. 2008) (case under Indiana UTSA) ("Generally, in order to be considered a prevailing party, plaintiffs must prevail on the merits of their claims."); *see also Furman v. Cirrito*, 782 F.2d 353, 355 (2d Cir. 1986) ("When a district court judgment is reversed or substantially modified on appeal, any costs awarded to the previously prevailing party are automatically vacated."). Given that this Court's order denying rehearing was issued only today, Kolon respectfully requests additional time to properly brief this issue.

Second, the modest extension sought by Kolon would allow Kolon's counsel adequate time to consult and coordinate with their clients, who are based in Korea, regarding the impact of this Court's decision to deny rehearing in the merits appeal on Kolon's arguments in its opening brief.

Third, in addition to other matters, Kolon's counsel in this appeal is currently actively engaged in preparing for the remand proceedings before the district court in the underlying merits case. The district court would regain jurisdiction over this case with the issuance of this Court's mandate.

6

Finally, one of Kolon's appellate counsel, Igor V. Timofeyev, who is coordinating the briefing in this appeal, will be on previously scheduled travel from May 30 to June 1, immediately prior to the current due date for Kolon's opening brief and appendix.  The modest extension that Kolon seeks would allow its counsel to properly brief the issues involved over the intervening travel commitment and the Memorial Day holiday, thereby facilitating this Court's consideration.

In accordance with Local Rule 27(a), counsel for Kolon informed counsel for DuPont of the intended filing of this motion and requested consent to the proposed extension.  Counsel for DuPont granted consent.

For the reasons stated above, Kolon respectfully requests that this consent motion for extension of time be granted, and that the filing date for Kolon's opening brief and appendix be extended to June 17, 2014.

Respectfully submitted,

/s/ Stephen B. Kinnaird
Stephen B. Kinnaird,
Jeffrey G. Randall
Igor V. Timofeyev
**PAUL HASTINGS LLP**
875 15th Street, N.W.
Washington, DC  20005
Telephone: (202) 551-1700
stephenkinnaird@paulhastings.com
jeffreyrandall@paulhastings.com

7

igortimofeyev@paulhastings.com

*Counsel for Appellant*
***Kolon Industries, Inc.***

May 22, 2014

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT
# Nos. 13-1054 & 14-1266

KOLON INDUSTRIES, INCORPORATED,

                              Plaintiff-Appellant,

– v. –

E. I. DUPONT DE NEMOURS AND COMPANY,

                              Defendant-Appellee.

On Appeal from the United States District Court
for the Eastern District of Virginia

## DECLARATION OF IGOR V. TIMOFEYEV
## IN SUPPORT OF APPELLANT KOLON INDUSTRIES, INC.'S
## CONSENT MOTION FOR AN EXTENSION OF TIME
## TO FILE OPENING BRIEF

I, Igor V. Timofeyev, declare as follows:

1.    I am a partner of Paul Hastings LLP, counsel for Appellant, Kolon Industries, Inc. ("Kolon"), and a member of the bar of this Court. Unless otherwise stated, the following facts are within my personal knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2.    I have entered my appearance as an attorney for Kolon in the above-referenced consolidated appeal.

3. I submit this declaration in support of Appellant Kolon Industries, Inc.'s Consent Motion for an Extension of Time to File Opening Brief.

4. In addition to other pressing matters, Kolon's counsel in this appeal is actively engaged in preparing for the remand proceedings before the district court in the underlying merits case.

5. The undersigned, who is coordinating the briefing in this appeal, will be on previously scheduled travel from May 30 to June 1, immediately prior to the current due date for Kolon's opening brief and appendix. The modest extension requested would allow the undersigned to properly brief the issues involved over the intervening travel commitment and the Memorial Day holiday, thereby facilitating this Court's consideration.

6. The requested extension would permit Kolon's counsel to incorporate adequately into its opening brief this Court's decision to deny rehearing in Kolon's appeal of the final merits judgment in Case No. 12-1260. Given that this Court's order denying rehearing was issued only today, May 22, 2014, the requested additional time would enable counsel to properly brief this issue.

7. The requested extension would allow Kolon's counsel adequate time to consult and coordinate with their clients, who are based in Korea, regarding the impact of this Court's decision to deny rehearing in the merits appeal on Kolon's arguments in its opening brief.

8. As counsel for Kolon, I have in good faith conferred with counsel for DuPont. Counsel for DuPont has provided consent to the requested 14-day extension of time to file Kolon's opening brief.

Executed this 22st day of May 2014. I declare under penalty of perjury that the foregoing is true and correct.

/s/ Igor V. Timofeyev
Igor V. Timofeyev

## CERTIFICATE OF SERVICE

I hereby certify that on the 22d day of May, 2014, I electronically filed the foregoing Appellant Kolon Industries Inc.'s Consent Motion for an Extension of Time to File Opening Brief with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all registered users.

By:  /s/ Stephen B. Kinnaird
Stephen B. Kinnaird
**PAUL HASTINGS LLP**
875 15th Street, N.W.
Washington, DC  20005
(202) 551-1700